UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANKLIN M. GOLDMAN,
Petitioner

v.

DAVID L. WINN, WARDEN,
UNITED STATES OF AMERICA,
Respondents

)
)
)
)
)
)
)
)
)

Civil No.

# 04 - 12712 MLW

RECEIPT # _____ 61040
AMOUNT $ _____ 5.00
SUMMONS ISSUED___ —
LOCAL RULE 4.1___ —
WAIVER FORM_____ —
MCF ISSUED_____ —
BY DPTY. CLK.___ MR
DATE_____ 12/28/2004

## Franklin Goldman's §2241 Petition and Incorporated Memorandum of Law

Now comes the Petitioner, Franklin M. Goldman, by and through undersigned counsel, pursuant to 28 U.S.C. §2241, and hereby moves the Court for an order vacating the sentence imposed in criminal action number 92-10229-AMD, United States v. Franklin M. Goldman, wherein the Petitioner was sentenced as a career offender based upon a predicate state court conviction that has since been vacated and for which the Petitioner was wrongly convicted. As such, a miscarriage of justice has occurred, and continues to occur with every passing day, because the Petitioner is both innocent of the predicate Bristol County state court conviction (a position he has maintained since trial of the state court matter in 1977) and is innocent of being a career offender (the predicate conviction has been vacated due to the unlawful deprivation of the Petitioner's statutory right to appeal and his constitutional right to the effective assistance of counsel on appeal).

Wherefore, the Petitioner respectfully requests that the instant petition be allowed.[1]

The Petitioner relies upon the incorporated memorandum of law.

### Memorandum of Law

I.    Introduction.

The Petitioner challenges herein the validity of the sentence imposed in his criminal matter, United States v. Franklin Goldman (No. 92-10229-AMD), which was enhanced pursuant to the career offender provisions of the United States Sentencing Guidelines based upon a 1977 Bristol County conviction. Having been found a career offender based upon the predicate Bristol County state court conviction, the Petitioner was sentenced on April 24, 1993 to 360 months imprisonment. A miscarriage of justice has occurred, however, and continues to occur with every passing day, because Frank Goldman is both innocent of the predicate Bristol County state court conviction (a position he has maintained since trial of the state court matter) and is innocent of being a career offender (the predicate conviction has been vacated due to the unlawful deprivation of the Petitioner's statutory right to appeal and his constitutional right to the effective assistance of counsel on appeal). Because forcing the Petitioner to serve the remainder of his "career offender" enhanced sentence would constitute a complete miscarriage of justice, he is entitled to attack the validity of his sentence through 28 U.S.C. §2241, pursuant to the savings clause of 28 U.S.C. §2255. See United States v. Barrett, 178 F.3d 34, 49-50 (1st Cir.1999); In re Davenport, 147 F.3d 605, 611 (7th

---

[1]. The Petitioner has filed, pro se, a separate petition for writ of coram nobis and/or habeas corpus relief, pursuant to 28 U.S.C. §1651 and/or 28 U.S.C. §2241, which is presently pending before the Honorable Richard G. Stearns (Civil Action No. 04-10998).

Cir.1998); Triestman v. United States, 124 F.3d 361, 377 (2d Cir.1997); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997).

II.    Factual Background.

On April 27, 1993, in a criminal action styled United States v. Franklin Goldman (No. 92-10229-AMD), the Petitioner was sentenced to serve 360 months incarceration. The Petitioner was sentenced as a "career offender" pursuant to §4B1.1 of the Sentencing Guidelines, the statutory maximum for the offense of conviction was life, §4B1.1 therefore provided an offense level of 37, the guideline range was 360 months to life, and the court imposed a sentence of 360 months.

Approximately sixteen years earlier, on or about August 5, 1977, in the Bristol County Superior Court, after a jury waived trial, the Petitioner was convicted of the offenses of kidnapping and attempt to commit a crime (extortion), and he was found not guilty of committing armed robbery. (Presentence Report, hereinafter "PSR", attached hereto as Exhibit 1, at ¶69). This Bristol County conviction served as one of the two predicate offenses in sentencing the Petitioner as a career offender under §4B1.1 of the Guidelines. (PSR at ¶79).

On or about April 14, 2000, the Petitioner filed a motion for new trial in the Bristol County Superior Court, arguing therein that his statutory right to an appeal and his constitutional right to the assistance of counsel in that appeal were denied by the trial judge. (Motion and Memorandum, without exhibits, attached hereto as Exhibit 8); see Commonwealth v. Frank, 425 Mass. 182, 184 (1997); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814 (1963). On October 15, 2001, the Honorable Daniel F. Toomey, Associate Justice of the Superior Court, allowed the Petitioner's motion for new trial in

the Bristol Superior Court matter. (Judge Toomey's Memorandum of Decision, dated October 15, 2001, attached hereto as Exhibit 2). The arguments made by the Petitioner in that matter and, perhaps most importantly, the findings and conclusions made by Judge Toomey are relevant to the instant petition, because they detail with clarity two of the Petitioner's main contentions in the instant petition: (1) he is innocent of being a "career offender" and (2) he is innocent of the crimes charged in the Bristol County matter.

In that case, a jury-waived trial began on or about July 26, 1977 before the Honorable Vincent R. Brogna ("Judge Brogna", herein); attorney Jack I. Zalkind represented the Petitioner. On or about August 5, 1977, Judge Brogna found the Petitioner guilty of attempted extortion and kidnapping, and not guilty of committing the armed robbery. Judge Brogna sentenced Mr. Goldman to M.C.I. Walpole for a term of not more than (10) years nor less than five (5) years, and ordered said sentence to be served concurrently with a twenty-five (25) to forty (40) year sentence the Petitioner was then already serving. On or about August 12, 1977, i.e., approximately seven (7) days after his conviction, the Petitioner filed (*pro se*) a notice of appeal. On September 28, 1977, Mr. Goldman filed (*pro se*) three pleadings: (1) a motion for free transcripts, (2) a petition for Writ of Habeas Corpus ad Testificandum, and (3) a motion for appointment of counsel. On October 19, 1977, without a hearing and, curiously, by letter to the clerk, Judge Brogna denied all three pleadings, stating, among other things, that the Petitioner's attorney of record had not been allowed to withdraw, said attorney has not requested transcripts, and he "consider[ed] the claim of appeal to be completely frivolous." (Letter attached hereto as Exhibit 3). On November 1, 1977, approximately three weeks after denying the Petitioner's motions, Judge Brogna allowed attorney Jack I. Zalkind's

4

motion to withdraw as counsel for the Petitioner (but apparently did not re-address the Petitioner's prior motion for appointment of counsel). (Bristol County Docket Report attached hereto as Exhibit 10). In short, because of Judge Brogna's unwarranted and unlawful actions, the trial judge's findings of fact and rulings of law were never subjected to any independent review, by either appellate counsel or an appellate court of competent jurisdiction, because the trial judge summarily denied the Petitioner's notice of appeal, his motion for appointment of appellant counsel, and his motion for free transcript for appellate purposes, all of which were filed *pro se*.

As noted, the Petitioner's motion for new trial was heard by Judge Toomey.[2] In addressing "the vexing question of the remedy, if any, for the defendant's <u>faultless</u> loss of his right to appellate review of his conviction," Judge Toomey held that "justice may not have been done" and "a new trial is an appropriate, and perhaps only, way to insure that the interests of justice—the defendant's personal interest and the Commonwealth's institutional interest—are realized." (Exhibit 2 at 3, 4) (emphasis added). Judge Toomey found that "justice may not have been done because, <u>through no fault of his own and contrary to his wishes expressed consistently since the time of this conviction (August 5, 1977),</u> [the Petitioner] cannot be afforded the appellate review to which he was, and is, entitled." (Exhibit at 4) (emphasis added). "This conclusion is compelled," Judge Toomey wrote, "by the reality that defendant's desire to test the legitimacy of his conviction <u>is not a recent contrivance,</u> driven, as are many these days, by the hope that records have been lost, memories have failed, and the evidence has been eroded by the

---

[2]. Judge Toomey originally ordered the Petitioner's state appeal to be reinstated, but the Massachusetts Appeals Court thereafter vacated the entry of the appeal and remanded the matter, ruling that "the assembly [of the record] was premature, there being no transcript or reconstructed record." (Appeals Court Order attached hereto as Exhibit 4).

passage of time. <u>Rather, defendant sought, *ab initio*, to subject his conviction to the</u>
<u>appellate scrutiny to which the law entitled him.</u> He timely filed a notice of appeal; he

timely sought appellate counsel; he timely sought sentence appeal; he timely sought

revocation and revision. Each effort was blocked by the trial judge." (Exhibit 2 at 4)

(emphasis added). Judge Toomey also expressed concern that justice may not have been

done because trial defense counsel, in omitting to pursue the appeal desired by defendant,

may have grounded his inaction on inappropriate considerations. Judge Toomey wrote

that as "expressed in both his 1999 affidavit and his 1993 letter to defendant, trial defense

counsel recollected that he regarded an appeal to be unwarranted because defendant's

sentences were concurrent with a much lengthier sentence then being served." (Exhibit 2

at 5; Zalkind Affidavit attached hereto as Exhibit 5). Judge Toomey found that "defense

counsel does not appear to have included, in his calculus as to the advisability of an

appeal, the substantive merit of such an appeal." (Exhibit 2 at 5). Additionally, Judge

Toomey wrote that defense counsel's subsequent withdrawal as counsel for the Petitioner

demonstrates that, "despite defendant's patent interest in pursuing an appellate challenge

to the trial proceedings as demonstrated by the *pro se* claim of appeal, *pro se* motion for

free transcript, *pro se* motion for the appointment of counsel, *pro se* motion to revoke and

revise and *pro se* claim of sentence appeal, trial defense counsel was plainly disinclined

to assist defendant in obtaining the review defendant repeatedly sought." (Exhibit 2 at 5).

Accordingly, Judge Toomey found, defense counsel's post-trial advice to the Petitioner,

"which focused upon the impracticality of an appeal rather than on its viability as a

device to challenge the trial doings, was consistent with his indisposition to an appellate

effort." (Exhibit 2 at 5).[3]

---

[3]. The Commonwealth ultimately dismissed the Bristol County matter, citing insufficiency of the evidence.

Clearly, then, the Petitioner can not be faulted with the denial of his ability to appeal the Bristol County criminal conviction, which served as a predicate for his federal career offender status. Moreover, and perhaps of equal import, the Petitioner has consistently maintained his innocence of the Bristol County accusations. For example, in March 1997, the Petitioner submitted an affidavit under oath declaring his innocence of the state charges, averring that his only involvement in that matter was to respond to a phone call from Robert Mondello, requesting that he travel to an area on Route 24 to secure Mondello's abandoned vehicle and wait for the tow truck that had been called. (Affidavit of Frank Goldman, dated March 18, 1997, attached hereto as Exhibit 6, at ¶2). According to the Petitioner's affidavit, he was working at the Budweiser facility in Cambridge, Massachusetts on the date and time the crimes were committed. (Exhibit 6 at ¶3-4). Indeed, at trial, the Petitioner called as defense witnesses Robert Buch and Robert Davinport, two employees of Budweiser at the time, who testified that the Petitioner was at work during the pertinent time periods, and they produced his worksheet as evidence to support their testimony. (Exhibit 6 at ¶5). Additionally, in an affidavit dated March 25, 1997, Robert Mondello, a co-defendant in the Bristol County matter, averred under oath that Frank Goldman's only involvement in that case was to respond to his evening telephone call, requesting that the Petitioner travel to an area on Route 24 in Brockton, Massachusetts, to pick up Mondello's vehicle, which had been disabled on the highway. (Affidavit of Robert Mondello, dated March 25, 1997, attached hereto as Exhibit 7, at ¶4). Mr. Mondello asseverates in that affidavit that Frank Goldman was innocent of all three of those charges, and in no way had anything to do with the charged conduct. (Exhibit 7 at ¶5). In short, the Petitioner has always claimed his innocence of the charged

(Dismissal attached hereto as Exhibit 9).

Bristol County crime, he was denied his statutory right to appeal the conviction and his constitutional right to the effective assistance of counsel during that appeal, and, because of the arbitrary and capricious ruling of the trial judge in that matter, he was summarily and conclusively deprived of any appellate review of the Bristol County proceedings.[4]

III.    Argument.

28 U.S.C. §2255 constitutes the vehicle a prisoner ordinarily employs to attack the validity of his sentence, as contrasted with §2241, which allows federal prisoners to attack the execution of their sentences. See, e.g., United States v. Barrett, 178 F.3d 34, 50, n.10 (1st Cir.1999) ("Federal prisoners are permitted to use §2241 to attack the execution, rather than the validity, of their sentences"). Any claim filed pursuant to §2255 must be filed within one year from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255.[5] The Petitioner's federal conviction became final in 1993 and clearly the one year limit has transpired.

---

[4]. The Defendant had a clear constitutional right to the assistance of counsel in his appeal. Commonwealth v. Frank, 425 Mass. 182, 184 (1997), citing Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

[5]. In Brackett v. United States, 270 F.3d 60 (1st Cir.2001), the First Circuit held that, with respect to subsection four, when a defendant is successful in vacating a predicate offense, the date on which the facts supporting the claim or claims presented could have been discovered is not the date that the underlying conviction is vacated by a state court, but, rather, "the date on which the defendant learned, or with due diligence should have learned, the facts supporting his claim to vacate the state conviction." Brackett, 270 F.3d at 68.

8

Moreover, because the Petitioner has already filed a §2255 petition, he is precluded from filing another such petition. An individual can not file a second or successive motion unless the First Circuit Court of Appeals certifies that such a motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2255 contains a "savings clause", however, that permits a prisoner to utilize §2241 as a means of attacking the validity of his sentence when filing a motion pursuant to §2255 would be "inadequate or ineffective":

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

United States v. Barrett, 178 F.3d 34, 49-50 (1st Cir.1999), quoting 28 U.S.C. §2255.

Obviously, the Petitioner acknowledges that a petition under §2255 cannot become "inadequate or ineffective," thus permitting the use of §2241, merely because a petitioner cannot meet the AEDPA "second or successive" requirements." Barrett, 178 F.3d at 50. Three circuits have held, however, that §2241 was available—i.e., §2255 is inadequate— when a convicted defendant is denied "any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistence offense", In re Davenport, 147 F.3d 605, 611 (7th Cir.1998); or in the "unusual

9

circumstance" in which application of the AEDPA "second or successive" limitations would result in a "complete miscarriage of justice", In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), or where a "petitioner cannot, for whatever reason, utilize §2255, and in which the failure to allow for constitutional review would raise serious constitutional questions", Triestman v. United States, 124 F.3d 361, 377 (2d Cir.1997). In this case, as noted *supra*, the Petitioner is presently serving an enhanced criminal sentence predicated upon a state court conviction that has since been vacated, in part because of the unlawful deprivation of the Petitioner's statutory right to appeal and his constitutional right to the effective assistance of counsel during that appeal, and based upon a charged offense for which the Petitioner has always proclaimed his innocence.

Most importantly, in United States v. Barrett, 178 F.3d 34, 49-50 (1st Cir.1999), the First Circuit agreed "with the Davenport, Dorsainvil, and Triestman courts that habeas corpus relief under §2241 remains available for federal prisoners in limited circumstances." Barrett, 178 F.3d at 52. In Barrett, the Court did not articulate those circumstances precisely, leaving that task for another day, because Barrett's claim did not raise questions of actual innocence, "as the post-Bailey claims of the petitioners in Davenport, Dorsainvil, and Triestman arguably did." Barrett, 178 F.3d at 52-53. Moreover, the First Circuit concluded that Barrett could have raised his asserted claim in his first §2255 petition, thus "any ineffectiveness of his current §2255 petition is due to him and not to §2255." Barrett, 178 F.3d at 53.

In this case, unlike Barrett, Petitioner does raise a claim of actual innocence-- actual innocence of being a career offender and actual innocence of the underlying state court conviction. Moreover, Petitioner did not have an opportunity to raise this claim in

his initial §2255 petition because he had not yet been able to convince a state court judge that his state conviction was obtained in violation of his statutory right to appeal and his constitutional right to the effective assistance of counsel on that appeal, and that conviction had not yet been vacated. Cf. Barrett, 178 F.3d at 53 (finding that Barrett did not raise claim of actual innocence and that Barrett had an opportunity to present his claim in his original 2255, thus failure to do so was due to him and not to 2255).

A recent unreported decision strongly supports the Petitioner's argument herein. In the matter styled Little v. United States, 2002 WL 1424581 (D.Mass.2002), the defendant's sentence was enhanced pursuant to 21 U.S.C. §843(b) and (d) due to a prior state conviction. Two years after his sentence became final, the petitioner in that case realized that only *federal* narcotics convictions could be utilized to enhance a sentence under §843(b) and (d) and he therefore petitioned the sentencing court pursuant to §2255. The petition was denied, however, because it was filed two years after the sentence became final and, therefore, was time-barred. Thereafter, the petitioner brought a petition pursuant to 28 U.S.C. §2241, requesting a writ of habeas corpus on the grounds that his sentence was imposed improperly since it was based on a prior state conviction, arguing that §2255 was inadequate and ineffective. Little, 2002 WL 1424581, *1. While the government agreed with Little's interpretation of §843(b) and (d) as only permitting enhanced sentences based on federal convictions, it opposed the petition on the ground that the "custodial court" did not have authority to review challenges to the validity (as opposed to execution) of petitioner's sentence. Little, 2002 WL 1424581, *2. Framing the issue as whether §2255 was "inadequate or ineffective" as a means of challenging the validity of his enhanced sentence, the court noted that the "First Circuit has offered no

clear standard as to when this prerequisite is satisfied, except to say that §2255 is not 'inadequate or ineffective' merely because a prisoner's petition is procedurally barred under that statute; such a reading would undermine the gate-keeping limitations of §2255." Little, 2002 WL 1424581, *2, citing Barrett, 178 F.3d at 50. Observing that some circuits permit §2241 challenges to the validity under the savings clause whenever they serve the interests of justice, such as the Second Circuit in Triestman and the Third Circuit in Dorsainvil, the court noted that "all parties appear to agree that petitioner is 'actually innocent' of having any prior convictions which support an enhanced sentence." Little, 2002 WL 1424581, *2-3. Hence, the court concluded that, in "light of this change in the government's position, allowing the illegal sentence to stand would represent a grave miscarriage of justice." Little, 2002 WL 1424581, *3. "This court is persuaded by those circuits which hold that the savings clause permits review of a petitioner's challenge, which is otherwise barred under §2255, 'in those extraordinary circumstances where justice demands it.'" Little, 2002 WL 1424581, *3, quoting Triestman, 124 F.3d at 377-378.

In this case, the Petitioner is actually innocent of being a career offender, as the Bristol County predicate offense has been vacated and dismissed, but, most importantly, he has consistently maintained his innocence of that charge from its inception. Wherefore, because forcing the Petitioner to serve the remainder of a sentence that was enhanced based upon a conviction that no longer exists, based upon a conviction that existed only because the trial judge unlawfully violated the Petitioner's statutory right to appeal and his constitutional right to the effective assistance of counsel during that statutory appeal, and based upon a conviction for a crime the Petitioner has always

maintained his innocence, the Petitioner should be allowed to utilize §2241 to attack the validity of his sentence in the underlying federal criminal matter, which should be vacated forthwith.

IV.    Conclusion.

Wherefore, based on all of the foregoing, the Petitioner's sentence should be vacated and he should be re-sentenced.

Frank Goldman,
By his attorney,

Robert M. Goldstein
Mass. Bar No. 630584
114 State Street
Boston, MA 02109
(617) 742-9015

## CERTIFICATE OF SERVICE

I, Robert M. Goldstein, hereby state that on this date, December 17, 2004, a true copy of the foregoing document has been served, via hand delivery, upon Jennifer C. Boal, Chief, Civil Division, U.S. Attorney's Office, U.S. Courthouse, One Courthouse Way, Boston, Massachusetts, 02110.

Robert M. Goldstein

13

**1**

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
vs. )      Docket No.    92-10229
)      Defendant No.  01
FRANKLIN M. GOLDMAN )

## PRESENTENCE REPORT

Prepared for: The Honorable A. David Mazzone

Prepared by : Janice D. Bridgeman, U.S. Probation Officer

Sentencing Date: March 11, 1993    Office Location: Boston

Offense:    Ct. 1:  Conspiracy to Distribute Cocaine (Title 21 U.S.C. §846)
Ct. 6:  Possession of Cocaine w/ Intent to Distribute (Title 21 U.S.C. §841(a)(1)

Date of Arrest: 7/17/92

Custodial Status: In federal custody since 7/17/92

Identifying Data:

Date of Birth: 10/13/43    Age: 49    Dependents: 0

Citizenship: U.S.    Sex: Male    FBI No.:

SSN: 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    Race: Cauc.    Other ID No.:

Education: 12th Grade    U.S. Marshal No.: 19124-038

Legal Address:  569 North Street
Randolph, MA  02368

Detainers: Massachusetts State Parole Warrant

Codefendants:  David Paul St. Peter - Pending
Robert Sungy - Pending

Assistant U.S. Attorney

Geoffrey E. Hobart
(617) 223-4252

Defense Counsel

Richard M. Egbert (Retained)
125 Summer Street
17th Floor
Boston,  MA  02110
(617) 439-6020

Date report prepared: 2/24/93
Revised:

Mandatory Minimum [X]

## Criminal History Computation

(76)  Based on the above convictions, the defendant has a subtotal criminal history score of 6.
                                                                        6

(77)  At the time that the instant offense was committed, the defendant was under criminal justice supervision for the sentences imposed on 7/6/76 in Suffolk Superior Court and 8/5/77 in Bristol Superior Court.  Pursuant to U.S.S.G § 4A1.1(d), two (2) points are added.
                                                                        +2

(78)  The total of the criminal history points is 8.  According to the sentencing table (U.S.S.G. Chapter 5, Part A), 7 to 9 criminal history points establish a criminal history category of IV.

                              TOTAL POINTS        8

                              CATEGORY            IV

(79)  As detailed above, the defendant is a Career Offender as he has at least two prior felony convictions of either a crime of violence or an applicable controlled substance counted separately under the provisions of § 4A1.1(a)(b) or (c), (See offenses specified in ¶'s 68 and 70). Pursuant to the provisions of U.S.S.G § 4B1.1, his criminal history category is VI.

### Other Criminal Conduct

(80)  None known

### Pending Charges

(81)  None known

### Other Arrests

(82)  None known

(68)    Goldman was again arrested on 4/12/76 and was charged in Suffolk Superior Court with Armed Robbery and Attempted Kidnapping. As a result, on 4/19/76, the U.S. Parole Commission was notified by the defendant's parole officer that the defendant had again violated the conditions of his parole by:    Violating the Law; Possessing a Firearm Without the Written Permission of the Probation Officer; and Associating with a Person who has a Criminal Record Without the Permission of the Probation Officer.    These additional violations were related to the new charges which were filed against Goldman in Suffolk Superior Court.    As a result of these additional charges, the federal parole warrant issued on 2/24/76 was amended and was executed on 4/30/76.    This new offense with which the defendant was charged in Suffolk Superior Court occurred on 4/12/76 and details are provided below.

13

| | | | | |
|---|---|---|---|---|
| (69) | 2/17/76 (age 32) | Kidnapping | 8/5/77-G, 5-10 years committed concurrent with sentence imposed on 7/6/76 in Suffolk Superior Court | **3** **4A1.1(a)** |
| | | Attempt to Commit Crime (Extortion) Bristol Superior | 8/5/77-G, 5-10 years committed concurrent | |
| | | | 12/2/89-Released to 3/15/2015 | |
| | | | 8/30/92-Provisional revocation of parole. Warrant lodged | |

(70)   The indictment states that on 11/24/75, Mr. Goldman did forcibly confine and imprison an individual with intent to cause him to be held to service against his will and did by a verbal communication maliciously threaten an injury to the person with intent to extort money.  The defendant was represented by Jack I. Zalkind.

| | | | | |
|---|---|---|---|---|
| (71) | 4/28/76 (age 32) | Armed Robbery | 7/6/76-G, 25-40 years committed | **3** **4A1.1(a)** |
| | | Attempted Kidnapping Suffolk Superior | 7/6/76-G, 4-5 years committed concurrent | |
| | | | 12/2/89-Released to 3/15/2015. | |
| | | | 8/30/92-Provisional revocation of parole. Warrant lodged | |

(72)   According to the official version submitted by the prosecuting attorney, on 4/12/76, while an individual was walking to her dentist's office in Revere, MA, she was accosted by Frank Goldman and Anthony Chiopi who were wearing masks.  Goldman showed a gun and attempted to force her diamond ring off.  At that time, Ralph DeLeo drove up in a car, jumped out armed with a handgun, and, with Goldman, attempted to force the victim into the car.  The victim became hysterical and screamed which drew attention. Goldman and DeLeo then drove off and picked up Chiopi.  It is noted in the Massachusetts Department of Corrections file that Frank Goldman does not agree with this official version.  The defendant was represented by William Franzese.

(73) Massachusetts Department of Corrections records indicate that the defendant stated that he became dependent on prescription medications following a serious car accident in about 1963 when he was given large amounts of pain medication for his injuries. While the defendant was incarcerated at MCI Norfolk in 1976 and 1977, he was involved in drug counseling for over 2 years. While incarcerated at MCI Shirley in 1985, he participated in one on one drug counseling. He also attended NA and AA meetings throughout his incarceration.

(74) Throughout his incarceration, the defendant received average to excellent work reports and average to good housing reports. He worked as a clerk for a Rabbi, a janitor, an EKG technician, and as a courtyard laborer. He also worked on a plaster avocation program.

(75) Corrections records further indicate that in September of 1988, while on furlough from MCI Shirley, the defendant was returned to higher custody as a result of not being able to be reached by telephone while on that furlough. The defendant stated to law enforcement officials that the "officer should have kept trying". Mr. Goldman had taken approximately 29 furloughs from MCI Shirley and on a number of occasions, he could not be reached by telephone. He stated that his mother or aunt was on the telephone when the attempts to telephone him were made.

**2**

'

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT
CRIMINAL ACTION
NOS. 54316, 54318

> BRISTOL, SS SUPERIOR COURT
> FILED
>
> OCT 1 5 2001
>
> MARC J. SANTOS, ESQ.
> CLERK/MAGISTRATE

## COMMONWEALTH

### vs.

## FRANKLIN GOLDMAN

## MEMORANDUM OF DECISION UPON DEFENDANT'S MOTION FOR NEW TRIAL

After hearing, and based upon the various submissions of counsel, the docket, and other items located in the Superior Court Clerk's files, the court will enter the following findings of fact.

### FACTS

The chronology material to the issues presented by the motion is:

February 9, 1976 — Defendant was indicted for kidnaping and attempted extortion.

July 26, 1977 — Defendant waived his right to trial by jury.

August 5, 1977 — Defendant was found guilty by the trial judge upon both indictments, and was sentenced to two concurrent five to ten year terms in state prison, concurrent with a twenty-five to forty year sentence then being served.

August 12, 1977 — Defendant filed, *pro se*, a claim of appeal from his convictions.

August 15, 1977 — Defendant filed, *pro se*, a claim of sentence appeal to the Appellate Division.

August 26, 1977 — Defendant filed, *pro se*, a motion to revoke and revise sentence.

A True Copy By Photostatic Process
Attest:

_____

Asst. Clerk of Courts

Ex. A

*Bristol Criminal Action*

-2-

September 28, 1977   -   Defendant filed, *pro se*, a motion to appoint counsel for post-conviction purposes and a motion for free transcript for appellate purposes.

October 19, 1977   -   Without hearing, the trial judge denied the motion for counsel and transcript for the reasons that "privately retained [trial defense counsel] . . . has not been allowed to withdraw," and "I consider the claim of appeal to be completely frivolous." The judge also noted that the case had taken two weeks to try.

November 10, 1977   -   The trial judge allowed trial defense counsel's motion to withdraw as counsel, but did not revisit defendant's request for appellate counsel.

January 19, 1981   -   The Appellate Division of the Superior Court dismissed defendant's sentence appeal.

April 14, 2000   -   Defendant filed the instant motion for new trial.

September 8, 2000   -   Due to the retirement of the trial judge, the Regional Administrative Judge assigned the present motion judge to determine the motion for new trial.

September 27, 2000   -   After hearing, the motion judge allowed so much of the motion as sought revival of the August 12, 1977, notice of appeal and directed that the appeal be processed in accordance with the Mass. Rules of Appellate Procedure as if the claim had been timely filed.

October 18, 2000   -   The appeal was entered by the Trial Court Clerk in the Appeals Court.

January 25, 2001   -   The Appeals Court vacated the entry of the appeal and remanded the matter to the Trial Court for the reason that "the assembly [of the record] was premature, there being no transcript or reconstructed record." The Appeals Court's action was "without prejudice to the reentry of the appeal [should assembly be properly effected]."

February 15, 2001   -   The Trial Court Clerk notified present counsel for the parties that a trial transcript was not available and that any further appellate activity would need to comply with Mass. R. App. P. 8(c).

July 5, 2001   -   The instant motion was heard by the motion judge.

*Ex. A*

# DISCUSSION

We encounter today the vexing question of the remedy, if any, for defendant's faultless loss of his right to appellate review of his conviction. The circumstances that brought the case to this point are set forth in their entirety _supra_, but a number of those circumstances are of particular pertinence to the resolution of the question. That number follow:

1. Defendant's trial was not uncontested; it extended for at least two weeks;

2. The trial judge sat jury-waived;

3. Defendant filed a timely claim of appeal;

4. When confronted with defendant's _pro se_ motions designed to further his efforts to obtain appellate review of the trial proceedings, the trial judge denied the motions without hearing and on the grounds that trial defense counsel still represented defendant, that counsel had "not asked for a transcript" and that "[f]urthermore, I consider the claim of appeal to be completely frivolous;"

5. Before his departure, trial defense counsel informed defendant that because of the concurrency of his sentences, appeal, even if successful, would not avail defendant. Counsel did not address the merits of an appeal in his communication with defendant;[1]

6. Shortly after the denials referenced in Para. 4, _supra_, the trial judge permitted trial defense counsel to exit the case, but omitted to reconsider the defendant's request for successor counsel;

---

[1] Although counsel's 1999 affidavit asserts that counsel's discussion with defendant occurred in "the latter part of 1997, or the early part of 1998," other recitations in the affidavit and other documentary exhibits suggest that those dates are misprints and that the communications discouraging appeal actually took place in 1977 or 1978.

_Ex. A_

7.     The parties have stipulated, during the hearing on the instant motion for new trial, that no transcript of trial proceedings can be produced (the court reporter's notes having been destroyed six years after trial) and no reconstruction of the trial record can be effected (the trial judge having retired, the trial defense counsel having asserted that "the file of the case has probably been disposed of," and the District Attorney's Office having reported that its file no longer exists).

We are faced, then, with the fact that the Appeals Court has demanded, quite correctly, that either a transcript or a reconstructed record be produced as a precondition to appellate review of defendant's conviction. Neither a transcript nor a reconstructed record can be produced. Accordingly, defendant's predicament is that, through no fault of his own and contrary to his wishes expressed consistently since the time of his conviction, he cannot be afforded the appellate review to which he was, and is, entitled.

Under these circumstances, "justice may not have been done," Mass. R. Crim. P. 30(b), and a new trial is an appropriate, and perhaps the only, way to insure that the interests of justice -- the defendant's personal interest <u>and</u> the Commonwealth's institutional interest -- are realized. See <u>eg</u>. <u>Commonwealth</u> v. <u>Harris</u>, 376 Mass. 74, 77-78 (1978).

This conclusion is compelled by the reality that defendant's desire to test the legitimacy of his conviction is not a recent contrivance, driven, as are many these days, by the hope that records have been lost, memories have failed and the evidence has been eroded by the passage of time. Rather, defendant sought, <u>ab initio</u>, to subject his conviction to the appellate scrutiny to which the law entitled him. He timely filed a notice of appeal; he timely sought appellate counsel; he timely

*Ex. A*

sought sentence appeal; he timely sought revocation and revision. Each effort was blocked by the trial judge.[2]

There is also the concern that "justice may not have been done" because trial defense counsel, in omitting to pursue the appeal desired by defendant, may have grounded his inaction on inappropriate considerations. As expressed in both his 1999 affidavit and his 1993 letter to defendant, trial defense counsel recollected that he regarded an appeal to be unwarranted because defendant's sentences were concurrent with a much lengthier sentence then being served. Trial defense counsel does not appear to have included, in his calculus as to the advisability of an appeal, the substantive merit of such an appeal. His subsequent withdrawal as counsel for defendant demonstrates that, despite defendant's patent interest in pursuing an appellate challenge to the trial proceedings -- as demonstrated by the pro se claim of appeal, pro se motion for free transcript, pro se motion for the appointment of counsel, pro se motion to revoke and revise and pro se claim of sentence appeal -- trial defense counsel was plainly disinclined to assist defendant in obtaining the review defendant repeatedly sought. Accordingly, his post-trial advice to defendant, which focused upon the impracticality of an appeal rather than on its viability as a device to challenge the trial doings, was consistent with his indisposition to an appellate effort. At bottom, trial defense counsel,

---

[2]This Court has no appellate function and does not, therefore, address whether or not the trial judge's denial of defendant's motions for transcript and for appellate counsel was error. This Court is, however, charged by Rule 30(b) with the duty of determining whether or not "justice may not have been done" in the preceding proceedings. In that context, the Court notes that the trial judge's rationale for his conduct -- to wit, that trial defense counsel had not sought post-conviction relief and that an appeal was without merit -- is more than a bit troubling in that the trial judge, shortly thereafter, permitted trial defense counsel to disappear and then obstructed appellate review of his own doings at the two week bench trial by concluding that defendant was not to have a transcript because his proposed appellate claims were "frivolous." There is, at the least, the appearance of a self-serving animus in such rulings.


Ex. A

with the endorsement of the trial judge, left defendant to his own devices with respect to the pursuit of an appeal because counsel thought that the sentence structure was favorable to defendant[3]

Although defendant has not articulated an error or errors in his trial that might have been remedied by conventional appellate review, that omission gives this Court little pause. This is not a case where defendant bears fault for not perfecting his appeal. Contrast, Commonwealth v. Pudder, 41 Mass App. Ct. 930, 931 (1966). This is not a case where reconstruction is possible. See p. 4, para. 7, supra. This is not a case where trial defense counsel or trial prosecutor or trial judge can contribute to the identification of potential appellate issues. Contrast, Commonwealth v. Sheffield, 16 Mass. App. Ct. 342, 347-349 (1983). And, to suggest as does the Commonwealth, that other counsel, who have, in the interim, represented defendant in matters litigated in foreign jurisdictions, could have jumped into the breach and revived the defendant's appeal is both to deny the realities of the practice of criminal law on behalf of an indigent and to cloak defendant with a legal sophistication that is, on this record, wholly speculative.

Accordingly, this Court rejects the proposition that defendant's motion for new trial is subverted by his omission to identify reversible errors infecting his trial. There are occasions when such an omission may defeat a Rule 30(b) motion, see eg. Commonwealth v. Kelly, Worcester Sup. Ct. Nos. 87-00664 and 87-00666 (September 7, 2001), but the circumstances at bar are significantly different from Kelly and so, too, shall be the result. See, generally, Commonwealth v. McWhinney, 20 Mass. App. Ct. 444, 446-447 (1985).

---

[3]There is, of course, nothing wrong with counsel assessing the merits of an appeal and concluding that the likelihood of success on the appeal is so de minimus and the sentence structure so favorable that little would be gained by pressing an appeal. At bar, however, there is no evidence that counsel assessed the merits of an appeal. In fact, his writings reflect his purposeful decision to eschew such a perspective.

Ex. A

## CONCLUSION

For the reasons aforestated, defendant's Motion For New Trial is **ALLOWED**.

Daniel F. Toomey
Justice of the Superior Court

DATED:  October 17, 2001

Ex. A

**3**

Exhibit 2

COMMONWEALTH OF MASSACHUSETTS
THE SUPERIOR COURT
BOSTON

BRISTOL. SS SUPERIOR COURT

FILED

Oct. 19, 1977

WILLIAM P. GRANT
CLERK OF COURTS

VINCENT R. BROGNA
ASSOCIATE JUSTICE

October 14, 1977

William P. Grant, Esq.
Clerk of Courts
P.O. Box 547
Taunton, MA  02780

RE:  Commonwealth v. Franklin Goldman
     Nos.  54316, 54318

Dear Mr. Grant:

In the above entitled cases will you please make the
following entries regarding the defendant's motion.  All
have been acted upon by me without a hearing.

   1.  The Motion to Revoke and Revise the sentence
       is denied.

       At the time of the sentencing, his counsel requested
       sentencing to be served concurrently with the sentence
       he was presently serving at Walpole.

   2.  The plaintiff's (Franklin Goldman) Motion for
       Appointment of Counsel is denied.

       Jack I. Zalkind, Esq., Fifteen Court Square, Boston,
       (who was privately retained) is attorney of record and
       has not been allowed to withdraw.

   3.  The Defendant's Motion for Free Transcript is denied.

       The defendant's attorney of record has not asked
       for a transcript.  Furthermore, I consider the claim
       of appeal to be completely frivolous.  The evidence
       at the trial, which took two weeks, was overwhelming
       against Mr. Goldman.  Furthermore, he was apprehended
       by the police at the place where the supposed
       ransom money was to be dropped off.

Exhibit C

October 14, 1977
William P. Grant, Esq.
Page 2

    4.  The Petitition for Writ of Habeas Corpus Ad
        Testificandum is denied in view of my actions
        on the accompanying motions.

Will you please send copies of this letter to Mr. Goldman,
P. O. Box 43, Norfolk, MA 02056 and to Jack I. Zalkind, Esq.,
and the District Attorney.

                      Very truly yours,

                      Vincent R. Brogna

VRB/kt

4

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

A.C.  2000-P-1638
(Bristol Superior Court
Criminal:54316 & 54318)

COMMONWEALTH

vs.

FRANKLIN M. GOLDMAN

<u>ORDER</u>

Passing the question whether the trial judge's reinstatement of the defendant's appeal from his 1977 conviction was proper, the appeal from the conviction is vacated as the assembly was premature, there being no transcript or reconstructed record. All papers already transmitted to this Court are to be returned to the clerk of the trial court until the deficiencies in the transcript or the record have been cured. The foregoing orders are without prejudice to the reentry of the appeal in this Court following the issuance of a new notice of the assembly of the record.

By the Court, (Porada, J.)

*Cris Micchia*

Assistant Clerk

Entered: January 25, 2001

5



*Exhibit 3*

## AFFIDAVIT OF JACK I. ZALKIND

I, Jack I. Zalkind, being duly sworn, state:

1.  During the year 1976 I represented Franklin Goldman in the case of Commonwealth v. Goldman, et al.

2.  The trial took place in Bristol County.

3.  The indictment numbers were 54317; 54318 and 54316.

4.  On August 5, 1977, Mr. Goldman was found guilty of kidnapping and extortion, but not guilty of armed robbery.

5.  It is my understanding that on or about August 12, 1997, Franklin Goldman filed a pro se Notice of Appeal and copies were sent to the District Attorney and the presiding Justice.

6.  During the latter part of 1997, or the early part of 1998, I spoke with Franklin Goldman and told him that even if he won his appeal on indictment number 54318 since the sentences were in actuality running concurrent with other sentences that he had received, the appeal really wouldn't change his status. At the time that I gave this advice to Mr. Goldman, the present Federal Laws concerning prior convictions for these types of crimes were not a factor in me making this decision. I certainly would not have advised him if the present laws were then in existence.

SUBMITTED under the pains and penalties of perjury on this 25th day of May, 1999.

Jack I. Zalkind
BBO# 538840

Exhibit F

COMMONWEALTH OF MASSACHUSETTS

BRISTOL SUPERIOR COURT

NEW BEDFORD, MASSACHUSETTS

COMMONWEALTH OF MASS.

v

FRANK GOLDMAN

DOCKET NO: 54316

54318

I, FRANK GOLDMAN, ON OATH DEPOSE AND STATE THE FOLLOWING:

1) I Frank Goldman, hereby swear to the fact that I am innocent of the convictions for these two (2) charges:
   a) 54316  ATTEMPTED EXTORTION
   b) 54318  KIDNAPPING

2) My only involvment in this matter was to respond to a phone call from Robert Mondello, to go to route 24 to secure his abandoned vehicle and wait for the tow truck that I had called.

3) On the day that these crimes were committed, I was working at Budwieser on 5th Street, in Cammbridge, Mass.

4) My "WORK SHEET" and two office personnel verified that I was at work during the time that these crimes were committed.

5) Robert Buche and Robert Davinport of Budweiser testified to these facts and produced my "WORK SHEET" at my trial, before Honorable Judge Brogner. There was no jury.

6) After being convicted (found guilty) of the kidnapping and attempted extortion, I was advised by council, Jack Zalkind, 15 Court Square, Suite 1100, Boston, mass. 02108, not to file a notice of appeal.

7) See attached correspondence from Attorney Jack I Zalkind.

SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 18TH DAY OF MARCH, 1997.

_FRANK GOLDMAN_
FRANK GOLDMAN

EXHIBIT 4

Exhibit 7

# Commonwealth of Massachusetts

## BRISTOL COUNTY SUPERIOR COURT

Commonwealth of Massachusetts,

        Plaintiff,

    vs.

Frank Goldman,

        Defendant

Case No.: Docket No. 54316 - 54318

Affidavit of Robert Mondello

I, Robert Mondello, on Oath Depose and State the Following:

1. My name is Robert Mondello, I reside at 190 High Street, Suite 305 in Medford, Massachusetts 02155-3811.

2. On February 17, 1976, I was indicted, along with Frank Goldman and Frank Larkin in Bristol County Superior Court with, Kidnapping, Attempting to Commit a crime (Extortion), and Armed Robbery.

3. On or about the week of August 5th, 1977, I was on trial on trial with these two named defendants. All defendants were found guilty except Goldman, who was acquitted of the Armed Robbery charge.

4. I would like to state at this time that Frank Goldman's only involvement in this case was to respond to my evening telephone call for him to go to route 24 in Brockton Massachusetts, to pick up my disabled vehicle, that was disabled on the highway.

5. My only request was for Frank Goldman to call a tow truck and stay on the scene until my car was towed away and secure.

6. Frank Goldman was innocent of all three of these charges, and in no way had anything to do with this charged conduct

Sworn to Under the Pains and Penalties of perjury, on this 25th day of March, 1997

By: _Robert Wordell 3-25-97_

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

TRIAL COURT DEPARTMENT
SUPERIOR COURT
IND. NOS. 54316 AND 54318

COMMONWEALTH        )
                    )
        v.          )
                    )
FRANKLIN GOLDMAN    )
                    )

## MOTION FOR NEW TRIAL

Now comes the Defendant, Franklin Goldman, by and through undersigned counsel, pursuant to the due process clause of the Fourteenth Amendment to the United States Constitution, article 12 of the Massachusetts Declaration of Rights, and section 28 of Chapter 278 of the Massachusetts General Laws, and hereby moves the Honorable Court for a new trial with respect to the above-captioned indictments, as the ineffective assistance of predecessor counsel and judicial error has deprived the Defendant of his guaranteed right to appeal the criminal convictions entered in the instant matter.

In support of the instant motion, the Defendant relies upon the memorandum of law (and exhibits) filed herewith.

Respectfully submitted,
Franklin Goldman,
Defendant,
By his attorney,

Kevin J. O'Dea
BBO #377275
One Center Plaza, Suite 330
Boston, MA  02108
(617) 720-1707

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

TRIAL COURT DEPARTMENT
SUPERIOR COURT
IND. NOS. 54316 AND 54318

COMMONWEALTH )
      v. )
FRANKLIN GOLDMAN )

# MEMORANDUM OF LAW IN SUPPORT
# OF MOTION FOR NEW TRIAL

### Facts

On or about February 9, 1976, a Bristol County grand jury indicted Franklin Goldman ("Defendant" and/or "Mr. Goldman", herein) for attempted extortion (in violation of Mass. Gen. Laws ch. 265, §25), armed robbery (in violation of Mass. Gen. Laws ch.265, §17), and kidnapping (in violation of Mass. Gen. Laws ch.265, §27). After a mistrial was granted during a jury trial due to an unconstitutionally suggestive identification procedure, a jury-waived trial began on or about July 26, 1977 before the Honorable Vincent R. Brogna ("Judge Brogna" and/or "Court", herein). On or about August 5, 1977, Judge Brogna found the Defendant guilty of attempted extortion and kidnapping, and not guilty of committing the armed robbery, and sentenced Mr. Goldman to M.C.I. Walpole for a term of not more than ten (10) years nor less than five (5) years. Judge Brogna ordered said sentence to be served concurrently with a twenty-five (25) to forty (40) year sentence the Defendant was serving at the time of his trial of the above-captioned indictments.

On or about August 12, 1977, the Defendant filed (pro se) a notice of appeal. (Notice attached hereto as "Exhibit 1"). On September 28, 1977, Mr. Goldman filed (pro se) three pleadings: (1) a motion for free transcripts, (2) a petition for Writ of Habeas Corpus ad Testificandum, and (3) a motion for appointment of counsel. On October 19, 1977, without a hearing and by letter to the Clerk, Judge Brogna denied all three pleadings, stating, among other things, that the Defendant's attorney of record had not been allowed to withdraw and said attorney has not requested transcripts, he "consider[ed] the claim of appeal to be completely frivolous", that the "evidence at the trial . . . was overwhelming", and that Mr. Goldman "was apprehended by the police at the place where the supposed ransom money was to be dropped off." (Letter attached hereto as "Exhibit 2".[1] On November 10, 1977, approximately three weeks after denying the Defendant's motions, Judge Brogna allowed attorney Jack I. Zalkind's motion to withdraw as counsel for the Defendant.

Mr. Goldman served the term of incarceration imposed in the above-captioned matter. Presently, Mr. Goldman is serving a 30 year sentence imposed by Judge David Mazzone, a United States District Judge for the District of Massachusetts. The Defendant's federal sentence was enhanced by a period of approximately 20 years based upon the guilty findings entered in the above-captioned matter, as Mr. Goldman was adjudicated a "career criminal" pursuant to the United States Sentencing Guidelines.

---

[1]. Notwithstanding the unique manner in which the judge issued his decision, the judge's recitation of the facts is inaccurate. Mr. Goldman was not apprehended anywhere—he turned himself in to the authorities with the assistance of counsel when he learned a warrant had been issued for his arrest. (Affidavit of Defendant attached hereto as "Exhibit 6").

Mr. Goldman intended to appeal his convictions in the instant matter, but the Court and his counsel prevented him from doing so. In addition to the aforementioned facts, Mr. Goldman's counsel in this matter, Jack I. Zalkind has conceded that he advised Mr. Goldman to forgo his right of appeal. (Affidavit of Jack I. Zalkind attached hereto as "Exhibit 3").

## Argument

The due process clause of the Fourteenth Amendment to the United States Constitution, article 12 of the Massachusetts Declaration of Rights, and section 28 of Chapter 278 of the Massachusetts General Laws guarantee a defendant the right to an appeal of a criminal conviction. *See, e.g., Commonwealth v. Cowie*, 404 Mass. 119, 122 (1989); *Evitts v. Lucey*, 469 U.S. 387, 391-392, 105 S.Ct. 830, 833-834, 83 L.Ed.2d 821 (1985). It has been established that a defendant is entitled to certain remedies where counsel's ineffective assistance prevents him from exercising his right to appeal. In *Evitts v. Lucey*, 469 U.S. 387, 391-392, 105 S.Ct. 830, 833-834, 83 L.Ed.2d 821 (1985), where counsel's ineffective assistance caused a dismissal of the defendant's appeal, the United States Supreme Court held that due process required either a retrial, a reinstatement of the defendant's appeal, or some "adequate remedy for the loss of [his] direct appeal." *Cowie*, 404 Mass. at 122. In *Commonwealth v. Cowie*, 404 Mass. 119, 122-123 (1989), the Supreme Judicial Court held that a "postconviction attack on the judgment through a motion under rule 30(b) fully accords with due process as a remedy for the defendant's frustrated right of appeal." In this case, the ineffective assistance of counsel and serious judicial error undeniably prevented the Defendant from exercising his absolute right to an

appeal of the convictions entered in this matter, and a new trial should therefore be granted.

Ineffective assistance of counsel and judicial error.

Rule 65 of the Superior Court Rules specifically provides that "Defendant's counsel shall be responsible for perfecting and prosecuting the appeal unless such counsel is relieved of that responsibility, after a hearing on counsel's motion to withdraw." While the applicability of this rule to the case at bar is questionable[2], Rule 3(e) of the Massachusetts Rules of Appellate Procedure clearly mandates that "trial counsel shall continue to represent that party on appeal until the trial court permits him to withdraw his appearance and until an appearance is filed by substitute counsel." Mass.R.Crim.P. 3(e). Moreover, notwithstanding any of the foregoing, Mr. Goldman had "a clear statutory right to an appeal" and he had "a clear constitutional right to the assistance of counsel in that appeal". *Commonwealth v. Frank*, 425 Mass. 182, 184 (1997), *citing Commonwealth v. Beauchamp*, 424 Mass. 682, 685-686 (1997) and *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9L.Ed.2d 811 (1963). In this case, trial counsel failed to file a notice of appeal and took absolutely no steps to perfect the Defendant's appeal, despite the fact that counsel did not withdraw his appearance for more than 90 days after guilty findings were entered in this case. (Docket Sheet attached hereto as "Exhibit 4"). In fact, counsel actually advised the Defendant to forgo his right to appeal. (Letter attached hereto as "Exhibit 5").

---

[2]. It appears that this Rule was amended on October 22, 1977 and became effective on January 1, 1978— i.e., subsequent to the findings of guilty entered in this case and the allowance of attorney Zalkind's motion to withdraw. The Defendant does not know if a former version of this rule, or any rule, was applicable prior to said dates.

4

Additionally, several actions taken by the Court in this case irrefragably exacerbated counsel's ineffectiveness. In particular, despite the fact that the Court allowed trial counsel to withdraw only weeks after denying the Defendant's pro se motion for free transcripts and motion for appointment of counsel, the Court failed to assign successor counsel to represent the Defendant in his appeal. The Court's failure to assign successor counsel clearly violated Rule 3(e) of the Massachusetts Rules of Appellate Procedure, which provides that "the judge shall assign the Committee for Public Counsel Services to provide representation according to the procedures established in Supreme Judicial Court Rule 3:10" when he or she allows a motion to withdraw. Mass.R.App.P. 3(e). Even worse, though, the Court apparently denied the Defendant's motion for free transcripts on the ground that he considered the appeal to be "frivolous". (Exhibit 2). Obviously, the Defendant's statutory and constitutional right to an appeal is not conditional upon the trial judge's assessment of the likelihood of success on appeal, and the Court's actions in this case is especially egregious.

Finally, it appears that the clerk in this case also failed to fulfill his responsibilities. According to Rule 8(b)(2) of the Massachusetts Rules of Appellate Procedure, "[u]pon the filing of a notice of appeal, unless the parties file therewith a stipulation designating the parts of the proceedings which need not be transcribed, the clerk of the lower court shall order from the court reporter a transcript of the proceedings and shall file a certificate of such order." Mass.R.App.P.8(b)(2). Apparently, the clerk in this matter, taking his cue from the Court, neglected to order a transcript of the proceedings from the court reporter. Obviously, then, the clerk did not adhere to the requirements of Rule 9(d) of the Massachusetts Rules of Appellate Procedure, which

bestows upon the clerk of the lower court the responsibility of transmitting the fully assembled record to the appellate court and the parties. Mass.R.App.P. 9(d).

In short, in this case, the Defendant had no chance of exercising his statutory and constitutional right of appeal. His counsel not only failed to "perfect" his appeal, he failed to even pursue the appeal and advised the Defendant to forgo his right of appeal. The Court allowed counsel to withdraw and did not appoint successor counsel, despite denying the Defendant's requests for free transcripts and appointment of counsel only weeks earlier. Finally, the clerk for the Court apparently did not order a copy of the transcript when the Defendant timely filed (pro se) his notice of appeal, a clear violation of Rule 8(b)(2) of the Massachusetts Rules of Appellate Procedure. Surely, it can not seriously be disputed that the due process clause of the Fourteenth Amendment to the United States Constitution and article 12 of the Massachusetts Declaration of Rights require a new trial in this matter.

Respectfully submitted,
Franklin Goldman,
Defendant,
By his attorney,

Kevin J. O'Dea
BBO #377275
One Center Plaza, Suite 330
Boston, MA  02108
(617) 720-1707

9

Commonwealth of Massachusetts

Bristol, ss.

Indictments Nos.
54316, 54318

Commonwealth
v.
Franklin Goldman

### Dismissal by Prosecution

Pursuant to Mass. R. Crim. P. 16 (a), the Commonwealth enters a nolle prosequi of the above charges, citing as reason therefor the insufficiency of the evidence.

Respectfully submitted,

For the Commonwealth,

*Kevin Connelly*

Kevin Connelly
Assistant District Attorney
Bristol District
888 Purchase Street
New Bedford, MA 02740
(508) 997-0711

September 5, 2002

<u>Certificate of Service</u>

I hereby certify that I have today served upon counsel for the defendant the Commonwealth's Dismissal by Prosecution, along with supporting documents, by mailing a copies, postage prepaid, to the following address:

Robert M. Goldstein, Esq.
10 McGrath Highway
Quincy, MA 02169

Respectfully,

Kevin Connelly
Assistant District Attorney

Date: September 5, 2002

1

No. 54316

EXHIBIT 4

## COMMONWEALTH vs. FRANKLIN M. GOLDMAN

**Commonwealth of Massachusetts**
**BRISTOL SS.**
**Superior Court for Criminal Business**
**DOCKET**

| FOR COMMONWEALTH | FOR DEFENDANT |
|---|---|
| Francis M. O'Boy, Asst. Dist. Atty. | Jack I. Zalkind, Esquire<br>15 Court Street, Boston, Mass.   3/1/76 |

Dist. Cr.

Dis lo w/d... 11-15-77

**KIDNAPPING   265/26**

| Date | | Entry |
|---|---|---|
| Feb. 9, 1976 | | Entered. |
| Feb. 17, 1976 | | Pleads not guilty. TMQ |
| Feb. 17, 1976 | | Cont. on same bail, namely $5,000. with Stuyvesant Insurance Co. as surety. (#6239).-(McGuire,J.)TMQ |
| Feb. 17, 1976 | | Deft. granted twenty (20) days to file special pleas.-(McGuire,J.)TMQ |
| March 1, 1976 | 1. | Defendant's Motion to Discover Exculpatory Evidence in the Possession of the Prosecutor. |
| March 1, 1976 | 2. | Defendant's Motion to Inspect Tangible Evidence |
| March 1, 1976 | 3. | Defendant's Motion for Disclosure of Identification Procedure. |
| March 1, 1976 | 4. | Motion of the Defendant to Inspect Statements of Co-Defendants. |
| March 1, 1976 | 5. | Defendant's Motion to Make Trial and Pre-Trial Proceedings Subject to Chap.278, SS. ##A-33G. |
| March 1,1976 | 6. | Defendant's Motion for List of Names and Addresses of Witnesses who Testified before the Grand Jury. |
| March 1, 1976 | 7. | Defendant's Motion to be Furnished with Criminal Records and Probation Records. |
| March 1, 1976 | 8. | Defendant's Motion to Inspect Statements of Commonwealth Witnesses. |
| March 1, 1976 | 9. | Defendant's Motion for List of Names and Addresses of Witnesses. |
| March 1, 1976 | 10. | Defendant's Motion for Grand Jury Minutes. |
| March 1, 1976 | 11. | Defendant's Motion for Promises, Rewards or Inducements. |
| March 1, 1976 | 12. | Defendant's Motion to Inspect and Copy. |
| March 1, 1976 | 13. | Defendant's Motion to Dismiss. |
| March 1, 1976 | 14. | Defendant's Motion for Speedy Trial. |

| | |
|---|---|
| r. 15, 1976 | Habeas Corpus ordered and issued. (Dwyer, J.) NG |
| r.26,1976 | Habeas Corpus returned without service. |
| ne 30, 1976 | Deft's Motions #1, 6, 9, and 11 allowed. - (Leen, J.) - RJM |
| ne 30, 1976 | Deft's Motions #2 & 12 allowed; to be given 24 hour notice. - (Leen, J.) - RJM |
| ne 30, 1976 | Deft's Motion #3 waived. - (Leen, J.) - RJM |
| ne 30, 1976 | Deft's Motions #4 and 8 allowed, if any. - (Leen, J.) - RJM |
| ne 30, 1976 | Deft's Motion #5 referred to Trial Judge. - (Leen, J.) - RJM |
| ne 30, 1976 | Deft's Motion #7 allowed; names and addresses to be given to defendant only; otherwise denied. - (Leen, J.) - RJM |
| ne 30, 1976 | Deft's Motion #10 allowed; to be furnished 24 hours before trial. - (Leen, J.) -RJM |
| ne 30, 1976. | Deft's Motion #14 waived; to be called for trial first Monday of November. - (Leen, J.) RJM |
| t. 1, 1976 | Habeas Corpus ordered and issued for appearance at New Bedford Superior Court on Monday, Nov. 1, 1976. - (Ponte, J.) |
| .22,1976 | Comm.'s Answer to Deft.'s Motion to Inspect and Copy, |
| .22,1976 | Comm.'s Answer to Deft.'s Motion for Statements of Promises, Rewards or Inducements. |
| .22,1976 | Comm.'s Answer to Deft.'s Motion for Grand Jury Minutes. |
| .22,1976 | Comm.'s Answer to Deft.'s Motion to Inspect Statements of Comm.'s Witnesses. |
| .22,1976 | Comm.'s Answer to Deft.'s Motion for List of Names and Addresses of Witnesses who Testified before the Grand Jury. |
| .22,1976 | Comm.'s Answer to Deft.'s Motion to Inspect Statements of Co-Defts. |
| .22,1976 | Comm.'s Answer to Deft.'s Motion to Discover Tangible Evidence. |
| t.22,1976 | Comm.'s Answer to Deft.'s Motion to Discover Exculpatory Evidence. |
| t.22,1976 | Comm.'s Answer to Deft.'s Motion for List of Names and Addresses of Witnesses. |

Page 2

NO. 54/3/6

## COMMONWEALTH vs. FRANKLIN M. GOLDMAN

| | FOR COMMONWEALTH | FOR DEFENDANT |
|---|---|---|

**Commonwealth of Massachusetts**
BRISTOL SS.
Superior Court for
Criminal Business
DOCKET

| | |
|---|---|
| Nov. 1, 1976 | Habeas Corpus returned with service. |
| Nov. 2, 1976 | Habeas Corpus Ordered and Issued for Appearance of Defendant at New Bedford Superior Court on Monday, Nov. 29, 1976 at 10 AM (Sgarzi,J.)MWG    DIST. CT. |
| Nov. 26,1976 | **Motion of Atty. Zalkind to Continue & copy of Order of Tauro, J.** |
| Nov.29,1976 | **Habeas Corpus of Nov.2,1976 ret'd with service.** |
| Nov.29,1976 | **Continued to the February 1977 criminal session, first case on trial list. (McGuire, J.)    MWG** |
| Jan. 14, 1977 | Habeas Corpus ord'd & issued for appearance of defendant at New Bedford Superior Court on February 7, 1977. (McGuire, J.)RJM |
| Feb. 7, 1977 | Habeas Corpus returned with service. |
| Apr. 15, 1977 | Habeas Corpus issued to MCI Norfolk for appearance of Deft. at New Bedford Superior Court on Mon., May 2, 1977 at 10 a.m. |
| Apr. 20, 1977 | (Dist. Atty. & Probation Notif.) Deft's Motion for Continuance to June 6, 1977. |
| May 2, 1977 | Habeas Corpus, returned with service. |
| May 12, 1977 | Habeas Corpus issued to M.C.I.-Norfolk for appear. of deft. at New Bedford Superior on Mon., May 16, 1977 at 10 a.m. |
| May 16, 1977 May 18, 1977 | Commonwealth's Motion for a View, & allowed. (Keating,J.) RJM Deft's Assent to Atty. Jack I. Zalkind to represent co-defendant Robert E. Mondello. |

May 19, 1977 | Service returned on Habeas Corpus.

May 19, 1977 | Mistrial declared. (Keating,J.) RJM

May 24, 1977 | Comm.'s Motion for Disclosure of Alibi Information.

June 1, 1977 | Comm.'s Motion for Disclosure of Alibi Information allowed; defendant's exception noted. (Keating, J.)RJM

June 8, 1977 | Deft's Motion (Pro Se) to Suppress Identification Testimony & Affidavit.

June 13, 1977 | Habeas Corpus issued to M.C.I. Norfolk for appearance of defendant at New Bedford Superior Court on Thursday, June 16, 1977 at 10.a.m.

June 16, 1977 | Habeas Corpus returned with service.
June 17, 1977 | Habeas Corpus ordered & issued for appear. of defendant on July 25, 1977. (Taveira,  J.)

July 26, 1977 | Deft's Motion for Voir Dire & to Suppress. (vide 54323)

July 26, 1977 | Deft's Waiver of Trial by Jury.
Aug. 2, 1977 | Commonwealth's Mo. for Criminal Records of Witnesses & allowed.(Brogna,J.) RJM
Aug. 5, 1977 | Deft's Motion #5 allowed. (Brogna,J.) RJM

Aug. 5, 1977 | Court Finding of Guilty. (Brogna,J.) RJM

Aug. 5, 1977 | Sentenced to M.C.I.-Walpole for the term of not more than Ten (10) nor less than Five (5) years, to be served concurrently with sentence presently serving; deft' advised of right to appeal to the Appellate Division of the Superior Court for a review of sentence; the court on imposing sentence ordered that said defendant be deemed to have served  -no-  days of said sentence. (Brogna,J.) RJM

Aug. 5, 1977 | Warrant issued.

Aug. 12-77 | ~~Claim of appeal~~ (Pro Se) (Copies to Dist. Atty, Judge Brogna & Counsel) purs. to G.L. Chap. 278, Sec. 33A-G.

Aug. 15-1977 | Defendant's Appeal from Sentence to Mass. Correctional Institution, Walpole, (Chief Justice and Appellate Division notified with copy of the record; Judge Brogna notified)

NO. 54316

PAGE 3

# COMMONWEALTH vs. FRANKLIN M. GOLDMAN

Commonwealth
of
Massachusetts
BRISTOL SS.
Superior Court for
Criminal Business
DOCKET

| For Commonwealth | For Defendant |
|---|---|

| | |
|---|---|
| Aug. 26, 1977 | Deft's Motion to Revoke and Revise. (Copy to Brogna,J., Dist, Atty. & Prob. Off.) |
| Sept. 28, 1977 | Deft's Mo. for Free Transcripts at no cost to the deft. (pro se) (Copy to Brogna,J.) |
| Sept. 28, 1977 | Petition for Writ of Habeas Corpus ad Testificandum. (pro se) (Copy to Brogna,J.) |
| Sept. 28, 1977 | Deft's Motion for Appointment of counsel. (pro se) (Copy to Brogna,J.) |
| Oct. 19, 1977 | Letter dated Oct.14,1977 from Brogna,J. denying the following motions without a hearing: |
| | Deft's Motion to Revoke and Revise Sentence |
| | Deft's Motion for Appointment of Counsel |
| | Deft's Motion for Free Transcript |
| | Petition for Writ of Habeas Corpus Ad Testificandum |
| | (Copies mailed to Deft., Counsel and Dist. Atty.) |
| Nov. 10, 1977 | Motion of Jack I. Zalkind to Withdraw as Counsel allowed. (Brogna,J.) (Mo. rec'd Nov.15,1977) (Copy to Deft.& Dist. Atty.) |
| Jan. 19, 1981 | Order of the Appellate Div. on defendant's appeal for review of sentence to MCI Walpole:  ORDERED that judgment imposing said sentence stand and that said appeal be and is hereby dismissed. /s/ Irwin R. Macey, Asst- Clerk of the Appellate Div. of the Superior Court. (copies to Jack Zalkind, Esq., 15 Court St., Boston, MA and Dist. Attorney) |

2SC 135

Exhibit 5

LAW OFFICES

JACK I. ZALKIND

AND ASSOCIATES

FIFTEEN COURT SQUARE

SUITE 1100

BOSTON, MASSACHUSETTS 02108

(617) 227-3950

FACSIMILE: (617) 227-1780

JACK I. ZALKIND
NEIL F. FAIGEL

OF COUNSEL

MELVIN FOSTER
ELLEN Y. SUNI

July 20, 1993

Frank Goldman
Reg. No. 19124-038
P.O. Box 33
Terre Haute, IN  47808

Dear Mr. Goldman:

As you can see from the stationery, my name is not "Zelek". My name is Zalkind, but I assume that since you and I have known each other for so many years that you are referring to my representation in the case which took place in the Superior Court in New Bedford, MA.

Because of the years that have gone by, the file of that case has probably been disposed of, although I cannot be quite sure until I review all of the discarded files that may or may not be in my sub-basement.

In any event, at the time that I advised you not to file a Notice of Appeal, I certainly did not give any consideration to the career/offender sentencing guidelines of 1987, because they were not in existence. If, indeed, that had been the case, perhaps my advice would have been different.

If my memory serves me proper, based upon the amount of time that you were ordered to do as a result of the New Bedford conviction, in conjunction with other pending cases, I thought the judge's sentence was fair and could not predict what the future would bring to you.

If there are any questions regarding the contents of this letter, please do not hesitate to call me.

Very truly yours,

Jack I. Zalkind

JIZ/ls

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Franklin M. Goldman

## DEFENDANTS

David L Winn, Warden
USA

04 12712 MLW

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert M Goldstein   (617) 742-9015
1141 State Street
Boston, MA 02109

ATTORNEYS (IF KNOWN)

US Attorney's Office

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☒ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC § 2241

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE Richard G. Stearns   DOCKET NUMBER 04-10098

DATE 12/23/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____