```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

FRANKLIN M. GOLDMAN            )
     Petitioner                )
                               )
     v.                        )    C.R. No. 04-12712-MLW
                               )
DAVID L. WINN, WARDEN          )
UNITED STATES OF AMERICA       )
     Respondents.              )
```

MEMORANDUM AND ORDER

WOLF, C.J.                                      August 14, 2006

Petitioner Franklin Goldman ("Goldman"), currently serving a 360-month term in FMC Devens on charges of conspiracy to distribute cocaine and possession of cocaine with intent to distribute, has filed a habeas petition under 28 U.S.C. §2241 (Docket No. 1) to vacate his federal sentence. Goldman, who was sentenced pursuant to the career offender enhancement under U.S.S.G. §4B1.1 due to at least two prior felony convictions of either a crime of violence or an applicable controlled substance, requests re-sentencing because one of his predicate state convictions was vacated in 2002. Goldman claims that re-sentencing is proper since he is actually innocent of both the predicate state conviction and the career offender enhancement.

The government filed an opposition to the petition (Docket No. 4) objecting to Goldman's claim for collateral relief based, in part, on the theory that Goldman has procedurally defaulted his

1

claims for relief by failing to raise his claim of actual innocence of the predicate state conviction before filing the instant petition. According to the government, Goldman has failed to make the requisite showing of "cause and prejudice" as required for this failure.

Goldman filed a reply to this opposition (Docket No. 7) in which he argues that his claims are not procedurally defaulted because he has asserted "actual innocence," which, according to Goldman, can be used in place of a "cause and prejudice" showing to remedy any procedural default problems. Nevertheless, the Supreme Court in <u>Dretke v. Haley</u>, 541 U.S. 386 (2004), instructed "federal court[s] faced with allegations of actual innocence, whether of the sentence or of the crime charged, [to] <u>first</u> address all nondefaulted claims for comparable relief and <u>other grounds for cause</u> to excuse the procedural default." <u>Id.</u> at 393-94 (emphasis added). This "avoidance principle" requires the court, in this case, to consider the parties' cause and prejudice arguments on the procedural default issue before entertaining any actual innocence claims.

In his reply, Goldman requested an opportunity for further briefing if the court concluded that a cause and prejudice analysis would be necessary to resolve the procedural default issue. In light of the Supreme Court's enunciation of the avoidance principle, the court finds that it is necessary to analyze the

2

parties' cause and prejudice arguments and is, therefore, allowing the petitioner's request for further briefing.

Finally, it does not appear that the habeas petition is verified as required under 28 U.S.C. §2242. Goldman must file an amended petition to correct this defect.

Accordingly, it is hereby ORDERED that:

1. Petitioner Goldman shall, by September 15, 2006, file (1) a supplemental brief addressing the government's argument that his habeas claims are procedurally defaulted due to his failure to show cause and prejudice and (2) an amended habeas petition that is verified as required under 28 U.S.C. §2242.

2. The government shall respond to Petitioner Goldman's supplemental brief by September 28, 2006.

3. A hearing on the Petition for Writ of Habeas Corpus will be held on October 12, 2006, at 3:00 p.m.

          /s/ MARK L. WOLF
          UNITED STATES DISTRICT JUDGE