UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANKLIN M. GOLDMAN,<br>            Petitioner,<br>    v.<br>DAVID L. WINN,<br>UNITED STATES OF AMERICA<br>            Respondents. | Civil Action No. 04-CV-12712-MLW |

## GOVERNMENT'S RESPONSE TO BRIEF REGARDING CAUSE AND PREJUDICE

"Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted . . . claim . . . absent a showing of cause and prejudice to excuse the default." Dretke v. Haley, 541 U.S. 386, 388 (2004). Applying this reasoning, the Court in this matter directed Petitioner to show cause and prejudice for his delay in seeking redress. He has failed to do so. Accordingly, because the Petitioner has defaulted on his claims, the government respectfully requests that this Court dismiss this petition.

**I.  Table of Relevant Dates**

The relevant dates in this matter follow:

| | | |
|---|---|---|
| 7/6/76 | Convicted of Armed Robbery in Suffolk Superior Court | PSR at ¶71 |
| 8/5/77 | Convicted of Kidnapping in Bristol Superior Court | Doc. 1-2, p.27 of 29 |
| 1/19/81 | Appeal Dismissed by Appellate Division of Bristol Superior Court | Doc. 1-2, p.29 of 29 |
| 4/27/93 | Convicted of drug charges in United States v. Goldman, 92-10229-ADM | *Docket 112, 92-10229-ADM* |
| 7/20/93 | Letter From Defense Counsel in Bristol Case stating he would not have advised no appeal if sentencing guidelines existed | Doc. 1-2, p.29 of 29 |
| 4/14/00 | Petitioner filed motion for new trial in Bristol County matter | Doc. 1-1, p.22 of 28 |

| 10/12/01 | Motion for new trial in Bristol County matter allowed | Doc. 1-1, p.27 of 28 |
| --- | --- | --- |
| 9/5/02 | Nolle Prosequi filed by Commonwealth in Bristol County matter | Doc. 1-2, p.21 of 29 |
| 12/17/04 | Instant Petition Filed. | Doc. 1-1, p.13 of 28 |

**II.    Analysis**

The question presented here is when the Petitioner had a duty to attack the state predicate convictions underlying his career offender sentence in order to avoid procedural default under the AEDPA.  The answer has been set forth with clarity in <u>Johnson v. United States</u>, 544 U.S. 295 (2005).  Under that case, Petitioner was required to act with diligence from the date of his federal conviction.  Because he did not, this petition should be dismissed.

The AEDPA amended 28 U.S.C. § 2255 and set forth a one year limitations period which runs from the latest of four events.  The instant case focuses on the interpretation of paragraph 4 to the AEDPA,

> the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The Petitioner in this matter asks this Court to find that his claim for relief, filed more than eleven years after his federal conviction became final, was nevertheless timely by invoking paragraph 4, which allows claims to be filed within a year of the date on which the facts underlying the claim could have been discovered with due diligence.  His argument fails.  First, petitioner did not act with due diligence, and therefore the provisions of paragraph 4 are not available to him.  Second, he did not act within a year of learning those facts.

2

The Supreme Court has determined the effect of failure of diligence in <u>United States v. Johnson</u>, 544 U.S. 295 (2005).  In <u>Johnson</u>, the petitioner was sentenced under the United States Sentencing Guidelines as a career offender on November 29, 1994, on the basis of two 1989 predicate state convictions.  544 U.S. 298-99.  On February 6, 1998, petitioner Johnson petitioned the state court for habeas corpus on *Gideon* grounds, asserting that he had not knowingly waived the constitutional right to counsel in one of his state predicate convictions. <u>Id</u>. at 300-01.  The state court vacated the predicate conviction, and petitioner Johnson promptly – within three months – filed a petition to vacate his federal sentence, pursuant to 28 U.S.C. § 2255.  <u>Id</u>. at 301-02.  Petitioner Johnson argued that under Section 2255, his petition was timely, because he had filed it promptly upon discovering "new evidence" – the vacatur of his predicate conviction.  The district court rejected his claim as untimely, and the court of appeals affirmed.  The Supreme Court granted certiorari and affirmed.

As stated by the Supreme Court, <u>Johnson</u>, presented "the distinct issue of how soon a prisoner, successful in his state proceeding, must challenge the federal sentence under § 2255." <u>Johnson</u>, 544 U.S. at 304.  Johnson argued that so long as he filed his motion under § 2255 within a year of successfully attacking the underlying state conviction, his petition would be timely.  The Supreme Court rejected that view.  "[L]etting a petitioner wait . . . while the predicate convcition grows increasinly stale and the federal outcome is subject to question, is certainly at odds with the provision in paragraph four [of § 2255] that the one year starts running when the operative fact 'could have been discovered through the exercise of due diligence.'" 544 U.S. at 307.  Concluding that a rule allowing the petitioner to delay challenging his predicate state convictions indefinitely would "thwart one of the AEDPA's principal purposes," 544 U.S. at 307, the Court instead required that in order to challenge a federal sentence under § 2255 based on the vacatur of a predicate state conviction, the petitioner must initiate state court

proceedings promptly upon the date of judgment of the federal conviction. Id. at 308-10. Although judgment was entered on Petitioner Johnson's federal conviction on November 29, 1994, petitioner Johnson did not file his state habeas petition until February 6, 1998. The Supreme Court found that this was not sufficiently diligent to invoke the paragraph 4 limitation period of AEDPA. Accordingly, although the state predicate causing Johnson to be adjudged a career offender was vacated, Johnson's Section 2255 petition was dismissed.

The instant case falls squarely within the rule of Johnson. The federal judgment of conviction that is under attack in this case was entered on April 27, 1993. See United States v. Goldman, 92-10229-ADM, Docket Entry 112, 4/27/93. Under Johnson v. United States, 544 U.S. 295 (2005), the date of that judgment was the "moment to activate due diligence." Johnson, 544 U.S. at 1581. On the date of the federal court judgment, Petitioner knew that he had an interest – or a renewed interest – in challenging his state court conviction because of "its potential to enhance the [federal] sentence." Id. at 1580-81. Accordingly, from April 27, 1993 forward, Petitioner "was obliged to act diligently to obtain the state-court order vacating his predicate conviction." Id. at 1582. He did not, and therefore his petition must be dismissed.

Petitioner was, according to his own filings, advised by his state court defense counsel on July 20, 1993 – only four months after his federal conviction – that counsel's advice not to appeal the state conviction may have been different had the federal Sentencing Guidelines existed at the time of the state conviction. Document 1-2, page 29 of 29. Nevertheless, Petitioner's successful challenge to the state court conviction was not initiated until April 14, 2000: nearly seven years after the federal conviction. Accordingly, this Petition was not timely under paragraph 4 because of the petitioner's failure of diligence in seeking the vacatur of his state case. Additionally, this petition is not timely because it was not filed within a year of the date that the state convictions were vacated.

4

This Court has given petitioner an opportunity to explain the basis for Petitioner's delays. Petitioner has provided no explanation. This failure of diligence – nearly twice the delay of the errant petitioner in <u>Johnson</u> – requires that this Court dismiss this petition with prejudice.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

            By: /s/ Nancy Rue
                NANCY RUE
                Assistant U.S. Attorney
                9200 J. Jos. Moakley U.S. Courthouse
                One Courthouse Way
                Boston, MA  02210

Dated: September 28, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                /s/ Nancy Rue
                Nancy Rue
                Assistant United States Attorney

Date:    September 28, 2006