UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANKLIN M. GOLDMAN,<br>    Petitioner,<br> v.<br><br>DAVID L. WINN,<br>UNITED STATES OF AMERICA<br>    Respondents. | Civil Action No. 04-CV-12712-MLW |

## **SUPPLEMENTAL BRIEF REGARDING SUBJECT MATTER JURISDICTION**

A.  This Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. § 2255.

  If this Petition is construed as one under S 2255, it must be dismissed.  A petition raising these specific issues was filed in 95-CV-10989-ADM, and the district court dismissed it as second and successive, therefore requiring the certification of the Court of Appeals.  See Docket Entry April 5, 2002.   Petitioner then sought certification from the Court of Appeals, and it was denied.  In a ruling dated November 7, 2002, the First Circuit stated:

> Franklin Goldman seeks leave to file a successive motion pursuant to 28 U.S.C. 2255, to raise two claims.  His first claim is an attack on his sentence which was enhanced under U.S.S.G. S 4B1.1 on the basis of two prior state convictions, one of which was recently vacated. . . . .  Goldman's application for permission to file a second or successive S 2255 motion is denied

Goldman v. United States, 02-2322 (1st Cir. Nov. 7, 2002).

  In light of these rulings, if this Petition were to be characterized as a petition under 2255, it must be dismissed under the clear terms of 2255, which requires second and successive petitions to be brought in the first instance to the Court of Appeals, and under principles of res judicata,  given that the appellate court and the trial court have both previously ruled on this question.

B.  <u>The Savings Clause of 2255 Does Not Apply.</u>

By the explicit terms of § 2255, 28 U.S.C. § 2241 cannot be used to apply for relief that was available under § 2255, with one exception: "unless it also appears that the remedy by motion [under 2255] is inadequate or ineffective to test the <u>legality</u> of his detention."  § 2255.  This clause, known as the "savings clause" of 2255, is limited by its face and by judicial interpretation to those circumstances in which a petitioner can demonstrate that his continued detention is illegal and yet 2255 fails to provide a remedy.

In <u>Barrett v. United States</u>, 178 F.3d 34, 50 (1st Cir. 1999), the First Circuit surveyed other circuit courts of appeal with regard to the standard those courts applied to allow a petition to press forward under the savings clause.  The First Circuit cited with approval the standard enunciated by the Seventh Circuit: the savings clause applies only when necessary "'to obtain a reliable judicial determination of the <u>fundamental legality</u> of his conviction and sentence."  <u>Id</u>. at 51 (emphasis supplied) (quoting <u>In Re Davenport</u>. 147 F.3d 605, 609 (7th Cir. 1998).

<u>Davenport</u> addressed the circumstance that occurred after the Supreme Court issued its decision in <u>Bailey v. United States,</u> 516 U.S. 137 (1995), narrowly interpreting the term "use" in 18 U.S.C. 924(c), which made it a felony to use or carry a firearm in connection with a drug trafficking offense or crime of violence. The appellate courts were petitioned by inmates whose offense conduct was not sufficient to sustain a conviction under the new interpretation of 924(c). See <u>Davenport</u>, 147 F.3d at 609.  The fundamental legality of their conviction, and thus the fundamental legality of their detention, was placed in question.  For many of these inmates, however, § 2255 itself did not afford a remedy, because they had previously filed a § 2255 petition, and therefore were subject to the second and successive rules.  These inmates were confined in jail when they had, as afterward interpreted by the Supreme Court, committed no

crime, and yet they had no mechanism to challenge their incarceration in their sentencing court. Under this limited circumstance, Davenport determined that traditional habeas corpus, as codified in § 2241, was available to test the legality of the inmates' detention, pursuant to the savings clause.

This test was succinctly stated by the Fifth Circuit in Reves-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001): "this is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and the claim was foreclosed at the time that the 2255 should have been filed.  See also Wofford v. Scott, 177 F.3d 1236, 1244-45 (11th Cir. 1999)(savings clause applies when the petitioner was convicted for a nonexistent offense).

A similar situation occurred in Little v. United States, 2002 WL 1424581 (D. Mass. 2002).  In Little, an inmate was sentenced to eight years' imprisonment for using a telecommunications facility in furtherance of a drug trafficking crime.  However, the maximum statutory term of imprisonment was only four years.[1]  Little sought relief under § 2255, but he was time-barred.  At the time that he filed his petition under § 2241, he had served more than four years for a crime for which the maximum statutory term was four years.  Accordingly, because § 2255 would not allow him to test the fundamental legality of his detention, the district court found that the savings clause applied.

Under the analysis in Barrett and the sister circuit decisions it approves, and Little, the instant petition fails to meet the test for the savings clause.  Goldman's incarceration is not, even

---

[1] Little's potential maximum statutory sentence had been erroneously conceded to be 8 years at the time of sentencing, based on an information that had been filed under § 851 regarding a state drug conviction.  That was an invalid predicate to increase the statutory maximum under the statute of conviction.  Id. at 2002 WL 1424581 *1.

under his theory, illegal. He was convicted of a drug crime for which the maximum statutory sentence was life imprisonment. He was sentenced to less than that. Goldman's sentence was legal under that statute, and that sentence would have been legal even had the facts raised in the Petition (the vacatur of Goldman's 1977 state court conviction) been available to the sentencing court.[2]

### Conclusion

Review of Goldman's sentence pursuant to 28 U.S.C. § 2255 is barred. Review under § 2241 can only be had if Goldman is able to make the extreme showing required under the savings clause of § 2255 - which, in essence, requires him to show that his current detention is illegal. Goldman cannot make that showing. Accordingly, the government respectfully requests that the § 2241 petition be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Nancy Rue
NANCY RUE
Assistant U.S. Attorney
9200 J. Jos. Moakley U.S. Courthouse
One Courthouse Way
Boston, MA  02210

---

[2] The government notes that under U.S.S.G. § 4A1.3, upward departures have always been permissible where the court determines that the criminal history in understated.

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                            /s/ Nancy Rue
                                            Nancy Rue
                                            Assistant United States Attorney

Date:   November 17, 2006