UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANKLIN M. GOLDMAN,
              Petitioner,
   v.

DAVID L. WINN,
UNITED STATES OF AMERICA
              Respondents.

Civil Action No. 04-CV-12712-MLW

**NOTICE OF GOVERNMENT'S INTENT TO RELY
ON ANCIENT RECORDS EXCEPTION AS ADDITIONAL BASIS OF
ADMISSIBILITY OF RECORDS OF UNITED STATES PROBATION OFFICE**

The government has moved for the admission of the records identified as Exhibits B and C to the evidentiary hearing pursuant to Federal Rule of Evidence 803(6).  The undersigned has spoken with United States Probation Officer John Bocon, as well as with retired Supervisory Probation Officer Robert H. Parris.  Both persons are prepared to testify when this hearing re-convenes on March 20, 2008 and the undersigned anticipates that the government will be able to lay the proper foundation under that Rule.

In addition to the business record exception, the government submits that these records are also admissible under the ancient records exception of Fed. R. Evid. 803(16).  That rule provides an exception to the hearsay rule for "[s]tatements in a document in existence twenty years or more the authenticity of which is established."[1]  Id.  Here, Petitioner's counsel has conceded that the documents in question are authentic.  In any event, the government is also prepared to establish the necessary foundation for authenticity found in Fed.R.Evid. 901(8) through the testimony of Officer Bocon: that is, that the documents "(A) [are] in such condition

---

[1] The government seeks admission only of the portions identified to the Court during the hearing on March 19, 2008.  While the entire record may need to be shown to the witnesses in order for them to authenticate the records, the government seeks admission into evidence only of the redacted portions previously identified in open court.

as to create no suspicion concerning [their] authenticity; (B) was in a place where [they] if authentic, would likely be, and (C) [have] been in existence 20 years or more at the time it is offered."   There is nothing about the condition of these records which create suspicion as to their authenticity: they were found in the files of the United States Probation Office, which is where one would expect to find them, and the latest entry in these documents which is sought to be admitted is from April 1976, more than 20 years from the time it is being offered.  See United States v. Firishchak, 468 F.3d 1015, 1021-22 (7th Cir. 2006)(World War II documents relating to defendant's service in the Ukrainian Auxiliary Police admissible as ancient documents in denaturalization action); United States v. Mandycz, 447 F.3d 951, 966-67 (6th Cir. 2006)(Soviet interrogation records admissible as ancient records in denaturalization proceedings); George v. Celotex Corporation, 914 F.2d 26, 30 (2nd Cir. 1990)(unpublished 1947 scientific report admitted as ancient record to show dangers of asbestos exposure that manufacturer could have discovered during time period of plaintiff's exposure).

    The undersigned has left a voicemail for Petitioner Goldman's counsel on his cellular telephone, advising him that the government would be seeking admission under both 803(6) and 803(16), as well as advising him that Officer Bocon and retired officer Parris are available to testify.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN

                                                United States Attorney

                                                By:   /s/ Nancy Rue
                                                     NANCY RUE

Dated: March 19, 2008

CERTIFICATE OF SERVICE

I, Nancy Rue, Assistant U.S. Attorney, hereby certify that the foregoing document has been filed through the Electronic Court Filing system

/s/ Nancy Rue

Nancy Rue

Assistant United States Attorney

Date:   March 19, 2008