UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANKLIN M. GOLDMAN,<br>    Petitioner<br><br>  v.<br><br>DAVID L. WINN, WARDEN,<br>UNITED STATES OF AMERICA,<br>    Respondents | )<br>)<br>)<br>)  Civil No. 04-CV-12712-MLW<br>)<br>)<br>) |

## Goldman's Response to Government Notice Regarding Proposed Admission of Specified Portions of Parole Records

At the conclusion of yesterday's hearing, the government offered certain portions of records apparently maintained by the United States Probation Office, pursuant to Rule 803(b)(6) of the Federal Rules of Evidence. In a pleading filed last night, the government offered the "ancient document" exception to the hearsay rule, see Fed.R.Evid. 803(b)(16), as an alternative basis for admission of the records.

With regard to the ancient document exception, while the Petitioner reserves the right to make argument at the completion of *voir dire* of any proposed foundational witnesses, he writes to bring to the Court's attention before beginning today's hearing the following cases: Columbia First Bank v. United States, 58 Fed.Cl. 333, 336 (Fed.Cl.2003) (cases collected therein) and Kraft, Inc. v. United States, 30 Fed.Cl. 739, 762 (Fed.Cl.1994).

With regard to the business records exception, the Petitioner directs the Court to the following cases: United States v. Pazsint, 703 F.2d 420 (9th Cir.1983); United States v. Sims, 617 F.2d 1371, 1377 (9th Cir.1980); United States v. Smith, 521 F.2d 957, 962-

65 (D.C.Cir.1975); Williams v. United States, 323 F.2d 90 (10th Cir.1963) (noting that the "government did not urge that point here [that the records were admissible under the Business Records Act], but generally statements and hearsay information collected in an investigation for the purposes of the trial of a case are not business records within the meaning of the statute"), citing Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477 (1943).

Finally, Petitioner would reserve an objection that admission of any portion or the record violates the Sixth Amendment, as construed in Crawford v. Washington, 541 U.S. 36, 51-52, (2006) (noting that "testimonial statements" includes "extrajudicial statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions," as well as "[s]tatements taken by police officers in the course of interrogations are also testimonial under even a narrow standard," and "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial") and Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980), though Petitioner acknowledges present state of law that Sixth Amendment protections do not apply in habeas action.

Likewise, to the extent the government contends that Petitioner's statements constitute admissions, and are therefore admissible, the Petitioner contends any statements made to the Probation Officer were not voluntary and impermissibly compelled in violation of the Fifth Amendment. See United Stats v. Saechao, 418 F.3d 1073, (9th Cir.2005) (holding "[b]ecause the state of Oregon took the 'impermissible step' of "requir[ing] [Saechao] to choose between making incriminating statements and jeopardizing his conditional liberty by remaining silent,'" court held "that Saechao's

2

statements were compelled and therefore inadmissible in the ensuing criminal prosecution.").

>
> Frank Goldman,
> By his attorney,
>
> **/s/ Robert M. Goldstein**
> Robert M. Goldstein
> Mass. Bar No. 630584
> 20 Park Plaza, Suite 903
> Boston, MA 02116
>  (617) 742-9015

Dated: March 20, 2008

## CERTIFICATE OF SERVICE

I, Robert M. Goldstein, hereby state that on this date, March 20, 2008, a true copy of the foregoing document has been served, via electronic filing, upon all registered parties.

> **/s/ Robert M. Goldstein**
> Robert M. Goldstein