UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANKLIN M. GOLDMAN,<br>  Petitioner | )<br>)<br>) |
| v. | ) Civil No. 04-CV-12712-MLW |
| | ) |
| DAVID L. WINN, WARDEN,<br>UNITED STATES OF AMERICA,<br>  Respondents | )<br>)<br>) |

**Goldman's Reply to Government's Opposition to Notification of Material Witness and Requests Related Thereto, Leave to File Granted on April 2, 2008**

On November 21, 2007, Goldman filed a notice with the Court that he has located a potential witness to be called in his favor in the above-captioned matter. The intent of the notice was to provide the Court with new information and to identify some legal issues that emerge therefrom, such that the Court and the parties could proceed in an informed and orderly manner. The government moves to strike the notice, arguing that the "Notification" is not a notice, but is instead a motion that should have been first addressed to the government under Local Rule 7.1.

Goldman simply thought it important to convey the information contained within the Notification to the Court, while simultaneously providing the government with notice of the information, so the Court possessed the information when it next addressed this matter. Goldman did not view his pleading in the nature of a motion, but instead as a notice or status update to the Court and the government that new issues had emerged in this case. Indeed, the final paragraph of the Notification reads: "Wherefore, Goldman respectfully requests an opportunity to address the Court regarding the matters raised herein and the issues that emerge therefrom, including whether the Court will allow

1

Witness 1 to testify without his name appearing in the public record." The intent of the Notification was to convey information to the Court and opposing counsel, with the hope of formulating a schedule to address relevant matters in an orderly fashion, and it certainly was not filed in any respect to disadvantage the government.

Goldman sees no benefit or value to the relief requested by the government—to strike the pleading—indeed, it seems counterproductive. In any event, Petitioner obviously leaves the matter to the Court's discretion.[1]

Frank Goldman,
By his attorney,

**/s/ Robert M. Goldstein**
Robert M. Goldstein
Mass. Bar No. 630584
20 Park Plaza, Suite 903
Boston, MA 02116
 (617) 742-9015

Dated: April 2, 2008

## CERTIFICATE OF SERVICE

I, Robert M. Goldstein, hereby state that on this date, April 2, 2008, a true copy of the foregoing document has been served, via electronic filing, upon Nancy Rue, Assistant United States Attorney.

**/s/ Robert M. Goldstein**
Robert M. Goldstein

---

[1] Government counsel called Goldman's counsel on the day the government filed its pleading. Goldman's counsel was in Cincinnati, preparing for a 4-8 week trial in the Southern District of Ohio that begins on January 8, 2008. Government counsel did not notify Goldman's counsel's office that the call related to a pressing matter or that it was a time-sensitive issue. If government counsel had previously notified Goldman it had any issue with Goldman's pleading, Goldman would have willingly addressed these matters directly with the government.

2