UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANKLIN M. GOLDMAN,<br>    Petitioner | )<br>)<br>) |
| v. | ) Civil No. 04-CV-12712-MLW<br>) |
| DAVID L. WINN, WARDEN,<br>UNITED STATES OF AMERICA,<br>    Respondents | )<br>)<br>) |

### Goldman's Memorandum Preserving Fifth Amendment Objection to Admission of Portions of Parole Records

In a pleading entitled "Goldman's Response to Government Notice Regarding Proposed Admission of Specified Portions of Parole Records," in opposing the admission of portions of certain parole records offered by the government in the above-entitled action, the Petitioner contended that any statements made to his probation officer were not voluntary and impermissibly compelled in violation of the Fifth Amendment, *citing United States v. Saechao,* 418 F.3d 1073 (9th Cir.2005).

At the ensuing evidentiary hearing, both John Bocon, Chief United States Probation Officer, and Robert H. Parris, a Supervisor with the United States Probation Department during the relevant time period, testified that Mr. Goldman faced possible revocation of parole status in 1975 if he refused to answer his probation officer's questions, pursuant to the standard conditions of parole in effect at that time. *See* Transcript Dated March 20, 2008, at pages 86-87 (Mr. Parris testifying that one potential consequence of refusing to answer probation officer's questions was revocation of parole); at pages 48-49 (Mr. Bocon testifying that revocation of parole would be one of many possibilities if parolee refused to answer probation officer's questions). Assuming

1

that Goldman's alleged statements to his probation officer were therefore involuntary and compelled under the Fifth Amendment because of the potential penalty attached to any refusal to answer, *see United States v. Saechao*, 418 F.3d 1073 (9th Cir.2005) ("[b]ecause the state of Oregon took the 'impermissible step' of requiring [Saechao] to choose between making incriminating statements and jeopardizing his conditional liberty by remaining silent," court held "that Saechao's statements were compelled and therefore inadmissible in the ensuing criminal prosecution"); *Minnesota v. Murphy*, 465 U.S. 420, 435 (1984), the issue becomes whether the present habeas proceeding constitutes a "criminal case" in the context of the Fifth Amendment. *See* U.S. Const., Amend. V ("providing that "[n]o person . . . shall be compelled in *any criminal case* to be a witness against himself.") (emphasis added).

Goldman has found no case directly confronting the issue whether habeas proceedings are "criminal" for purposes of the Fifth Amendment's provision that no person shall be compelled in any criminal case to be a witness against himself.[1] While the cases are legion that identify habeas proceedings as civil, there are also many cases that acknowledge that habeas actions, while civil in name, are hybrid in nature. *See O'Brien v. Moore,* 395 F.3d 499, 505 (4th Cir.2005) (observing "reality that a habeas corpus proceeding is neither a wholly criminal nor a wholly civil action, but rather a hybrid action that is unique, a category unto itself"; that "to the extent that a habeas proceeding reviews a criminal punishment with the potential of overturning it, the habeas proceeding necessarily assumes part of the underlying case's criminal nature in the same sense, for instance, that a declaratory judgment action takes on aspects of an

---

[1] The Supreme Court has squarely held there is no Sixth Amendment right to counsel in habeas proceedings. *See McClesky v. Zant*, 499 U.S. 467, 495 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 554-555 (1987),

2

underlying breach-of-contract case"; and that "[b]ecause habeas actions have both criminal and civil aspects, courts have routinely regarded them as 'hybrid' actions"); *Sloan v. Pugh,* 351 F.3d 1319, 1323 (10th Cir.2003) (concluding that "habeas proceedings are unique or hybrid types of cases"); *United States v. Johnston,* 258 F.3d 361, 365 (5th Cir.2001) (noting that courts had concluded that "a §2255 motion is a hybrid, with characteristics indicative of both civil and criminal proceedings").

The Supreme Court has observed that while "habeas corpus proceedings are characterized as 'civil'" that "label is gross and inexact." *Harris v. Nelson,* 394 U.S. 286, 293-94, 89 S.Ct. 1082, 1087-88, 22 L.Ed.2d 281 (1968) (rejecting application of civil rules of procedure to habeas actions, noting that "the proceeding is unique" and emphasizing that "writ of habeas corpus is the fundamental instrument of safeguarding individual freedom against arbitrary and lawless state action"); *Long v. Wilson,* 393 F.3d 390, 402 (3d Cir.2004) ("While civil in nature, habeas corpus cases are different from ordinary civil cases where only the interests of the parties are involved"); *Walker v. O'Brien,* 216 F.3d 626, 636 (7th Cir.2000) (holding that fee payment and other rules of the Prison Litigation Reform Act do not apply to collateral relief under §§2241, 2254, or 2255; observing that "[e]ven though habeas corpus petitions are technically 'civil actions,' if one is compelled to divide the universe of cases into only two categories of civil and criminal, both we and our sister circuits have recognized the reality that habeas corpus petitions are a group unto themselves"); *Brown v. Vasquez,* 952 F.2d 1164, 1169 (9th Cir.1991) (rejecting argument that prisoner required to first file a habeas petition before court has authority to issue stay of execution to allow appointed counsel time to prepare habeas petition, noting habeas corpus is "dramatically different from any other

3

type of civil action," and that Supreme Court has noted they "are of 'fundamental importance in our constitutional scheme' because they directly protect our most valued rights") (*quoting Bounds v. Smith*, 430 U.S. 817, 827 (1977)).

    Because Goldman has not found any case directly holding that the Fifth Amendment's prohibition against use of involuntary, compelled statements in a criminal case does not apply to habeas actions, Goldman seeks to preserve his Fifth Amendment objection to the admission of the portions of the parole records at issue.

Frank Goldman,
By his attorney,

**/s/ Robert M. Goldstein**
Robert M. Goldstein
Mass. Bar No. 630584
20 Park Plaza, Suite 903
Boston, MA 02116
 (617) 742-9015

Dated: April 4, 2008

### CERTIFICATE OF SERVICE

    I, Robert M. Goldstein, hereby state that on this date, April 4, 2008, a true copy of the foregoing document has been served, via electronic filing, upon all registered parties.

**/s/ Robert M. Goldstein**
Robert M. Goldstein