UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANKLIN M. GOLDMAN,<br>      Petitioner | )<br>)<br>) |
| v. | ) Civil No. 04-CV-12712-MLW<br>) |
| DAVID L. WINN, WARDEN,<br>UNITED STATES OF AMERICA,<br>      Respondents | )<br>)<br>) |

**<u>Goldman's Assented-To Motion for Immediate Release Pending Sentencing Hearing</u>**

      Now comes the Petitioner, by and through his counsel, pursuant to 18 U.S.C. §3145(c), and hereby moves the Court for his immediate release pending his resentencing on August 7, 2008. As grounds and reasons therefore, the Petitioner state the following:

      1.     In its Memorandum and Order dated July 1, 2008, the Court allowed Goldman's Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241 and further expressed its intent to sentence Mr. Goldman to time served at a re-sentencing hearing to be held on August 7, 2008.

      2.     The Court ordered the government to file, by July 16, 2008, a motion and memorandum in support of any request for a stay of Goldman's release pending appeal.

      3.     In a filing on July 16, 2008, the government notified the Court that it will not appeal the Court's order allowing Mr. Goldman's Petition.

      4.     Ordinarily, a person subject to sentencing shall be detained unless he meets all conditions set forth in 18 U.S.C. §3143, particularly subsection (a)(2) in this case because Goldman stands convicted of an offense enumerated in §3142(f)(1)(C).

      5.     However, 18 U.S.C. §3145(c) provides that a "person subject to detention pursuant to section 3143(a)(2) or (b)(2) and who meets the conditions of release set forth

in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

6. Here, there are exceptional reasons given the Court has found that Mr. Goldman "has already served an extra three to six years because of his 1977 conviction for kidnapping." Memorandum and Order at 10. In particular, the Court has found that ordinarily the guideline range for Mr. Goldman would have been 121 months to 151 months, that Mr. Goldman would have been released no later than August 15, 2002 had he been sentenced to 121 months, and no later than February 15, 2005 had he been sentenced to 151 months. Memorandum and Order at 1. Therefore, the Court has advised it expects to sentence Mr. Goldman to time served on August 7, 2008.

7. Finally, Mr. Goldman clearly does not pose a risk of flight or danger to any person or the community pending his re-sentencing hearing. *See* 18 U.S.C. §3143(a)(1).

8. If released, Mr. Goldman will reside with his cousin, Marshal Silverberg, at 84 Sterns Drive, Randolph, Massachusetts.

9. The government assents to the allowance of this motion, provided Mr. Goldman is brought before the Court for standard conditions of release and customary bail warnings.

Wherefore, for all of the foregoing reasons, the Petitioner respectfully requests an order releasing Mr. Goldman pending his August 7, 2008 sentencing hearing.

        Frank Goldman,
        By his attorney,

        **/s/ Robert M. Goldstein**
        Robert M. Goldstein
        Mass. Bar No. 630584
        20 Park Plaza, Suite 903
        Boston, MA 02116
        (617) 742-9015

Dated: July 28, 2008

## CERTIFICATE OF SERVICE

I, Robert M. Goldstein, hereby state that on this date, July 28, 2008, a true copy of the foregoing document has been served, via electronic filing, upon all registered parties.

        **/s/ Robert M. Goldstein**
        Robert M. Goldstein